ACCEPTED
05-14-01165
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/4/2015 4:21:04 PM
LISA MATZ
CLERK



# ABERNATHY
# ROEDER
# BOYD &
# HULLETT•P.C

ATTORNEYS AT LAW

*CHARLES J. CRAWFORD*

1700 Redbud Boulevard, Suite 300 • P.O. Box 1210 • McKinney, Texas 75070-1210
Metro 214.544.4000 • Fax 214.544.4040

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/4/2015 4:21:04 PM
LISA MATZ
Clerk

December 4, 2015

Lisa Matz, Clerk of the Court
Court of Appeals
Fifth District of Texas
600 Commerce Street, Suite 200
Dallas, TX 75202

Re: Court of Appeals Number: 05-14-01165-CV
Trial Court Case Number: 429-00459-2014

Style: Sylvia Ortiz v. Commissioner of Education and Plano Independent School District

Dear Ms. Matz,

On behalf of Appellee-Cross Appellant Plano ISD, I submit the following post-oral argument letter brief to follow up on the Commissioner of Education's response to Justice Lang-Meirs' inquiry regarding the precedential value of the underlying Commissioner's Decision that is the subject of Plano ISD's cross-appeal. Please circulate this letter to the panel members, Justices Lang-Meirs, Bridges and Schenck.

At the December 2nd oral argument, in response to Justice Lang-Meirs' question the Commissioner confirmed to the Court that his written Decision in this case, unless corrected or at least criticized by the Court, would become binding precedent relied upon by future Texas Education Agency hearing officers in Education Code Chapter 21 termination proceedings. This is why it is important to correct or at least refuse to adopt the various legal errors in the Commissioner's Decision - - to avoid future legal errors that are preventable and to avoid future confusion and serious injustice in TEA teacher termination proceedings going forward.

To answer Justice Lang-Meirs' concern that Plano ISD is requesting the Court to issue an improper advisory opinion or dictum, the Court's deciding Plano ISD's cross-points is not advisory or otherwise dicta because the rulings are necessary to the determination of Ms. Ortiz's second issue on appeal, that her rights under §21.256 of the Texas Education Code and to due course of law were violated because she "was subjected to a hearing consisting almost entirely of a trial by hearsay and inadmissible evidence." Appellant's Br. at 40. The Court's ruling that, for example, expert testimony is admissible on the subject of good cause would be a determinative factor in denying Ortiz's second issue on appeal. Another example is the Commissioner's decision that the use of false sworn court testimony may not be used to terminate an employee.

The Court's opinion is not advisory - - the Commissioner is currently before the Court, and the issues have been fully briefed and are relevant and ripe. Further, even if considered dicta, like higher court judicial dictum, the Court may, and should, deliberately put the Commissioner and TEA hearing officers on notice that, in affirming the Commissioner's finding of good cause based on substantial evidence, the Court does not adopt or approve of the Commissioner's legal errors complained of in Plano ISD's cross-points. The Court is well within its supervisory authority to correct, or at least criticize and/or expressly decline to adopt, the various legal errors in the Commissioner's Decision and to give guidance to the Commissioner, TEA hearing officers, school districts and teachers on these legal issues going forward. See, e.g., *Railroad Comm'n of Texas v. Aluminum Co. of America*, 380 S.W.2d 599, 601 (Tex. 1964):

> While this statement is properly to be regarded as dictum since it was not necessary to the decision in this case, nevertheless it was said deliberately, to put the Commission and the industry as a whole on notice that the holding therein did not require [certain actions]. Otherwise, [ ] confusion and serious injustice [would] result.

Respectfully submitted,

*/s/ Charles J. Crawford*
**Charles J. Crawford**
Counsel for Appellee-Cross
Appellant Plano ISD

cc: Rick Annett: rarnett@brimarnett.com
    Robin Sanders: robin.sanders@texasattorneygeneral.gov.